IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY PATTERSON                          *
                    Plaintiff,
          v.                              *   CIVIL ACTION NO. PJM-14-1080

US AIRWAYS                                *
                    Defendant.
                                          *****

## MEMORANDUM OPINION

Rodney Patterson ("hereinafter referred to as "Patterson") who lists a Bowie, Maryland residential address, filed this self-represented action on April 7, 2014, in which he seemingly invokes this court's diversity jurisdiction under 28 U.S.C. § 1332 against US Airways, a company listed with a corporate headquarters address of Tempe, Arizona.

Patterson claims the US Airways offered a flight from Washington, D.C. to Atlanta, Georgia with a transfer stop in Philadelphia, Pennsylvania. He states while in the military hospital at Ft. Benning, Georgia, he purchased a round-trip ticket to fly home. Patterson asserts that on the return trip, he and other passengers were delayed at the Philadelphia airport and US Airways employees refused to notify the connecting flight that "we were on our way." He claims that upon arrival at the departing gate, US Airways would not stop the process of closing the gate and would not allow him to board the airplane as luggage was being loaded. Patterson states that he missed the flight and was forced to sleep in the airport overnight and complete the trip the following day. (ECF No. 1). He seeks damages in the amount of $10,000.00.

Patterson has filed an indigency application. Because he lists a monthly income of $9,600.00 to 10,000.00, bank assets of $6,000.000, and ownership of real property valued at $300,000.00 and motor vehicles valued at $15,500, he does not qualify for indigency status. His Motion for Leave to Proceed In Forma Pauperis shall be denied. He shall not, however, be required

to remit the civil filing fee as his complaint shall be dismissed for lack of subject matter jurisdiction.

The legal basis for invoking the Court's federal diversity jurisdiction presumably relates to Patterson's claim that US Airways breached a contractual agreement by offering an "unattainable product."[1] Federal district courts are courts of limited original jurisdiction and they do not sit to review every claim involving alleged breach of contract. This court has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Plaintiff is a resident of Maryland and lists Defendant as maintaining a corporate residence of Arizona. Patterson may properly invoke diversity jurisdiction in this district under 28 U.S.C. §§ 1332 & 1391(b) & (c), the Complaint nonetheless does not meet all federal diversity requirements. It is a firmly established general rule of the federal courts that a plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for

---

[1] There is no demonstration that US Airways violated its Terms of Transportation, which provide a remedy for passengers who are involuntarily denied boarding,. Patterson was offered a flight out of Philadelphia the next day. Therefore, there is some question as to whether a breach of contract did in fact occur.

want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995).

In the instant case, Patterson seeks damages of $10,000.00. The Complaint does not meet the jurisdictional amount of $75,000.00. *See* 28 U.S.C. § 1332(a) (in diversity matter the amount in controversy must exceed the sum or value of $75,000.00). Therefore, the case shall be dismissed pursuant to Rule 12(h)(3). A separate Order shall be entered in accordance with this Memorandum Opinion

Date: <u>April 14, 2014</u>                                    <u>            /s/            </u>
                                                                 PETER J. MESSITTE
                                                                 UNITED STATES DISTRICT JUDGE